vacated and set aside. On hearing the order to show cause, Judge Small refused to vacate the order of removal. On the first day of the session of the United States circuit court after the order of removal, Hufschmidt brought into the court a certified copy of the papers filed in the state court, including the complaint filed after the order of removal was granted, and asked that said papers might be filed and the cause docketed in that court. The motion was argued before one of the judges of the United States district court, who denied it, holding that the complaint filed after the order of removal was conclusive as to the amount in dispute. A motion was then made before DRUMMOND, District Judge, to vacate and set aside the order made by the district judge, and that the cause be docketed, and after argument the order was set aside and the plaintiffs required to file a declaration. This settles a question of practice which has perplexed the profession in the state, and also settles that when the plaintiff chooses to commence suit by summons, and not file either his summons or complaint, the defendant, in a proper case for removal, may enter an appearance and show by petition that a suit has been commenced, and the amount claimed exceeds $500, and tender a proper bond, and thus secure a removal of his cause into a federal court; and when he has done this, it is not in the power of the plaintiff to destroy that right by filing a complaint in the state court reducing his damages below $500; and that, when a cause is once properly in a federal court, the plaintiff cannot then file a declaration laying his damages at less than $500, and cut off the jurisdiction. In other words, when the jurisdiction of the federal court has once attached, it cannot be taken away by any act of the plaintiff.

## Case No. 18,215.

### In re ZINN et al.

[4 Ben. 500; [1] 4 N. B. R. 436 (Quarto, 145); 43 How. Prac. 64.]

District Court, S. D. New York. Feb., 1871.

BANKRUPTCY—APPOINTMENT OF TRUSTEE—RELATIONSHIP TO PERSONS INTERESTED.

The mere fact of relationship on the part of a proposed trustee, under the 43d section of the bankruptcy act [14 Stat. 538], to the bankrupt or to a creditor, or to a proposed member of the committee of creditors, or on the part of a proposed member of such committee to a creditor or to the bankrupt, cannot be regarded as a disqualification.

[Cited in brief in Re Cooke, Case No. 3,169.]

[Proceedings in the matter of William G. Zinn and others, bankrupts. For prior proceedings, see Case No. 18,216.]

J. S. L. Cummins, for the resolution.
A. C. Fransioli, for opposing creditor.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. In this case, at the first meeting of creditors, eight creditors, who had proved their claims, and whose claims amounted, in the aggregate, to $332,712 68, and to three fourths in value of the aggregate amount of all the claims proved, subscribed, under section 43 of the act, a resolution that it was for the interest of the general body of the creditors of the bankrupts, that the estate of the bankrupts should be wound up and settled, and distribution made among the creditors, by trustees, under the inspection and direction of a committee of the creditors, and nominating John H. Wyman as trustee, and Samuel Wyman, Junior, Henry Almy and George C. T. Seaman as the committee. Among the eight creditors are Herman D. Aldrich, to the amount of $188,866 88, who signs by the said Samuel Wyman, Junior, as his attorney; the said Samuel Wyman, Junior, to the amount of $14,985 36; the said George C. T. Seaman, to the amount of $64,942 45; and the firm of which the said Henry Almy is a member, to the amount of $4,500. The said Herman D. Aldrich is the uncle of two of the bankrupts. The wife of the said Herman D. Aldrich is the cousin of the said John H. Wyman, and the sister of the said Samuel Wyman, Junior. The said Herman D. Aldrich is now in a lunatic asylum, as a patient for his health, but has not been adjudged a lunatic by any legal proceedings, nor has any committee of his person or estate been appointed. The said Samuel Wyman, Junior, acted as the attorney for the said Herman D. Aldrich, in proving the said claim of the said Herman D. Aldrich, and in voting for said resolution, in pursuance of a power of attorney executed by said Herman D. Aldrich, in January, 1870, when he was of sound mind.

John H. Wyman, the proposed trustee, is, therefore, related, by consanguinity and affinity in the fifth degree, to Herman D. Aldrich, and in the ninth degree to the two bankrupts, who are the nephews of Herman D. Aldrich. Samuel Wyman, Jr., is related by consanguinity and affinity in the third degree, to Herman D. Aldrich, and in the seventh degree to the two bankrupts, who are the nephews of Herman D. Aldrich, and in the fourth degree to John H. Wyman.

A creditor who has proved his debt, and who did not vote for or sign the resolution, objects to its confirmation by the court, on the ground of the relationships and the other facts thus stated.

The mere fact of relationship in the ninth degree, or a less degree, on the part of a proposed trustee, to a bankrupt, or to a creditor, even the largest in amount, of a bankrupt, or to a proposed member of the committee, or on the part of a proposed member of the committee, to such creditor, or to the bankrupt, cannot be regarded as a disqualification. Other facts, indeed, may concur with such relationships, to make a confirmation

improper. But, in the present case, there are no such facts. The three persons named as the members of the committee are all of them creditors, the aggregate of their claims being more than $84,000. Samuel Wyman, Junior, is the attorney of the largest single creditor. The theory of the provisions of the 43d section are, that three fourths in value of the creditors who have proved their debts shall designate the trustee and the committee. The persons designated in the present case are gentlemen of high character and standing, free from all reproach. Nothing appears to indicate that they will act in the interest of the bankrupts, at the expense of the creditors. John H. Wyman and Samuel Wyman, Junior, are more nearly related to the principal creditor than they are to the bankrupts. The trustee is required, by the 43d section, to wind up and settle the estate for the equal benefit of all the creditors, and is at all times subject to the direction of the court in executing his trust. There is nothing to warrant the suggestion, that the bankrupts procured the creditors to make these appointments, or that they are made in the interest of the bankrupts, as against the creditors.

Mr. Seaman, although a resident of New Jersey, has a place of business in the city of New York, which he frequents daily.

The questions raised in regard to the power of attorney from Herman D. Aldrich to Samuel Wyman, Junior, and to the insanity of Herman D. Aldrich, I do not consider, for the reason, that, if the claim of Herman D. Aldrich be stricken out from the signatures to the resolution, it must likewise be stricken out from the debts proved, and there would thus still be signatures to the resolution, of creditors to three fourths in value of the debts proved. Notwithstanding the appointment of a trustee and the assignment of the estate to him, the claim of any creditor may be investigated under section 22, and the bankrupt and other persons may be examined under section 26.

The resolution passed by the creditors will be confirmed when the register shall have signed the proper certificate under form No. 63.

---

## Case No. 18,216.

### In re ZINN et al.

[4 N. B. R. 370 (Quarto, 123); [1] 40 How. Prac. 461.]

District Court, S. D. New York. Jan. 9, 1871.

ASSIGNEE IN BANKRUPTCY—QUALIFICATIONS.

The election of a near relative of the bankrupt as assignee is not proper. In such case, the appointment by the register of a regular assignee (according to the rules of the district) will be confirmed.

---

[1] [Reprinted from 4 N. B. R. 370 (Quarto, 123), by permission.]

By JOHN FITCH, Register:

The above entitled matter is now pending before me, at chambers of this court, and is a voluntary proceeding under the bankrupt act [of 1867 (14 Stat. 517)]. A warrant was issued to the U. S. marshal as messenger, duly served and published, and returned in due form. The petitioners have been duly adjudged bankrupts upon their own petition as a firm and individually. The whole number of creditors named in the warrant, including those of the firm and the individual creditors, are about sixty (60). That on or previous to the day of the first meeting of creditors, eighteen claims had been proven. At the first meeting of creditors eight creditors signed a paper in the words and figures following, to wit, and to which John H. Bradley was sworn (form No. 63), which is herewith returned. [In conformity to the decisions (In re Bliss [Case No. 1,543]; In re Scheiffer [Id. 12,445]), I state the reasons which compel me to withhold my approval of the choice of trustee.] [2]

It is represented to me by creditors who have proved their claims, that John H. Wyman, of the city of New York, Samuel Wyman, Jr., H. D. Aldrich, and the bankrupts, or some of the bankrupts, are related to each other, and that the bankrupt, Herman D. Aldrich, Jr., is a nephew of Herman D. Aldrich, who is one of the creditors of the estate of said bankrupts, making a claim by Samuel Wyman, Jr., his attorney, in the sum of one hundred and eighty-eight thousand eight hundred and sixty-six dollars and eighty-eight cents. It is also represented to me that said Herman D. Aldrich is now insane, and is in the insane asylum. Said Samuel Wyman, Jr., exhibited but did not place on file a power of attorney, but not a power of attorney in these proceedings in bankruptcy. It appears that George C. T. Seaman, one of the committee of creditors, is a resident of the city of Elizabeth, in the state of New Jersey, and not a resident of the Southern district of New York; and the decisions in the cases (In re Harris [Case No. 6,112]; Anon. [Id. 461]), would render him ineligible, [as the court in the Case of Havens [Id. 6,231], say that an assignee must reside in the judicial district in which the proceedings are pending.] [2] It has been uniformly held by the courts, that they will not affirm the appointment or election of an assignee who is a relative of the bankrupt. It is also held that it is an objection to the trustee that he is a relative of the bankrupt. In re Stillwell [Id. 13,447]; [2] [In re Powell [Id. 11,354]; In re Bogert [Id. 1,600]. And if an assignee has been chosen by the particular friends of the bankrupt, the court will not affirm such choice. In re Bliss [supra]; In re Mallory [Case No. 8,990].[2] As such a large amount of the debts proved are owned by H. D. Aldrich, who is said to be insane, and by Samuel

---

[2] [From 40 How. Prac. 461.]